| t GASKINS, J.
I respectfully dissent from the conclusion of the majority, and would find that the pat down frisk for weapons was warranted. The officers knew the defendant and were aware that he was a convicted felon. Although that factor alone was not enough to justify a pat down search, Officer Jackson was familiar with the defendant. The officer had arrested the defendant on the prior burglary charge. The officers had also encountered the defendant in connection with the investigation of other criminal activity. The officers had previously observed the defendant congregating with some other men who had arrests for theft and burglary, on a street corner in the Highland neighborhood known as a “sore spot.” Also, Officer Jackson had previously found the defendant with a suspected armed robber in a stolen car. The defendant was driving the car and a .357 magnum gun was found in the car. The officers had also questioned the defendant in connection with the disappearance and possible shooting of some dogs in the neighborhood. At that time the defendant told Officer Jackson, “You just don’t know how crazy I am.” Officer Jackson estimated that over the course of three years, he had either arrested or questioned the defendant as a suspect in some type of crime on at least four occasions. As outlined above, at least one of those incidents involved a gun. These factors show that under the circumstances presented in this case, the officers were warranted in their belief that, following a valid investigatory stop of the defendant, a pat down frisk for weapons was necessary to ensure the safety of the officers.